## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **CLYDE J. KIEL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:05-0447** |
| | ) | |
| **MARTY ANDERSON, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Petitioner has filed an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and an Application to Proceed *in forma pauperis*.[1] (Document Nos. 1 and 2.) Petitioner complains that there is an unlawful immigration detainer lodged against him. (Document No. 2, p. 6.) Petitioner states for his grounds for seeking relief under § 2241 as follows referring to documents attached as Exhibits A and B[2]:

> An unlawful detainer [is] lodged against me. That issue was ruled on by the Honorable Michael R. Hogan, Chief Judge, United States District Court of Oregon, on September 25, 1996 – Case: CR 95-60072-1 (See) (Exh - B) – "Judgment of Acquittal" (Document) "The fact is that the conditions of confinement are harsher due to the illegal detainer placed against me."

> (Exh - A) states: (Pages 1 - 16) "the Court transcript of the hearing" Also (Exh - A)(Page 5) which states:"I believe that leaves us at the sole issue, your honor, and that is whether or not Kiel is a citizen."

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Exhibit A is a copy of a transcript of proceedings before Chief District Judge Michael R. Hogan on September 24, 1996, in United States v. Kiel, Case No. CR - 95 - 60072, in the United States District Court for the District of Oregon. Petitioner was charged by Indictment in that case with illegal reentry following deportation. Exhibit B is a copy of a document entitled "Judgment of Acquittal" endorsed by Chief Judge Hogan in that case.

(Exh - A) states: (Pages 6)(Lines 19 - 22) "The District Court there reviewed every applicable rule of statutory construction that I'm aware of, and determined that all of them are in favor of Mr. Kiel's entitlement to citizenship here."

(Exh – A) states: (Page – 9)(Lines 7 - 8) "The sole issue at this trial is whether the defendant was a citizen at the time of his reentry." (Exh – A) states: (Page 16)(Lines 7 - 8) "Therefore I find the defendant not guilty of illegal reentry following deportation."

Petitioner has also filed a Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure attaching documents filed in proceedings in the United States District Court for the Western District of Pennsylvania[3] and a copy of the transcript of proceedings before Chief District Judge Michael R. Hogan on September 24, 1996, in United States v. Kiel, Case No. CR - 95 - 60072, in the United States District Court for the District of Oregon mentioned above. (Document No. 8.) Construing Petitioner's Application for *habeas* relief liberally and considering Petitioner's Motion for Summary Judgment and the documents attached thereto, the undersigned finds that Petitioner is claiming entitlement to relief under 28 U.S.C. § 2241 because (1) a detainer has been lodged improperly against him and (2) his security classification is affected by it such that he is subject to harsher conditions of confinement.

Pursuant to 28 U.S.C. § 1915A(b), because Petitioner is seeking to proceed *in forma*

---

[3] By calling the Offices of the Clerk of the Western District of Pennsylvania and the District of Oregon, the undersigned has learned that in 2000 Petitioner was charged with bank fraud and theft or receipt of stolen mail in the Western District of Pennsylvania and received a 38 month sentence on March 13, 2001 (Criminal Nos. 00-16, 00-38 and 00-39). Petitioner served his term of imprisonment and upon his release from prison commenced a term of supervised release in Oregon. Petitioner violated the terms of his supervised release, and consideration of Petitioner's supervised release violation was transferred to Oregon (Criminal No. 03-60070). Petitioner was charged again with bank fraud in the District of Oregon in 2003 (Criminal No. 03-60031), and District Judge Hogan sentenced him in March 2004 to 21 months in prison upon the bank fraud charge and 37 months in prison on the supervised release violation to run consecutively to his bank fraud sentence. Thus, Petitioner is now serving the 58 month sentence which District Judge Hogan imposed as Petitioner indicates in his Application under 28 U.S.C. § 2241, p. 1.

*pauperis*, the Court must screen this case and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Similarly, pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss an action filed *in forma pauperis* "at any time if the court determines that -- (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In considering an inmate's Application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Petitioner is now in custody by virtue of his conviction of bank fraud and violation of the terms of his supervised release and the sentences totaling 58 months which Judge Hogan imposed.[4] Petitioner is not in custody by virtue of the detainer about which he complains. The United States Supreme Court has stated that a detainer is a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). A detainer does not represent the basis upon which the prisoner is actually held in confinement. Rather, a detainer assumes that the prisoner is detained on other charges. A detainer seeks to make sure that the prisoner is not released before the authority issuing the detainer can obtain future custody on the charges referenced in the detainer. With this understanding, several Courts have concluded that "the

---

[4] The Bureau of Prisons' Inmate Locator indicates that Petitioner's projected release date is April 30, 2007.

lodging of a detainer, without more, is insufficient to render [a person] in custody." *See* <u>Galaviz-Medina v. Wooten</u>, 27 F.3d 487, 493 (10th Cir. 1994), *cert. denied*, 513 U.S. 1086, 115 S.Ct. 741, 130 L.Ed.2d 643 (1995), discussing the decisions of other Courts. The undersigned finds that because Petitioner is not in custody by virtue of the detainer about which he complains but rather is in custody now lawfully pursuant to valid convictions, he has stated and can state no basis for relief under 28 U.S.C. § 2241 based upon the detainer. Additionally, Petitioner's claim that his security classification is affected by the detainer such that he is subject to harsher conditions in his incarceration is not cognizable under § 2241. Petitioner has no constitutional entitlement to be incarcerated at any particular security classification. "As long as the conditions or degree of confinement to which the prisoner is subject is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." <u>Montanye v. Haymes</u>, 427 U.S. 236, 242, 96 S.Ct 2543, 2547, 49 L.Ed.2d 466 (1976). It is well recognized that the Bureau of Prisons has broad discretion in administering inmates' sentences. "Federal statutory law gives federal prison officials full discretion in the treatment of prisoners and does not restrict the authority of prison officials over the inmates as to placement in more restrictive living status, transfer to other prisons . . . and deprivation of privileges." <u>Walker v. Hughes</u>, 558 F.2d 1247, 1252 (6th Cir. 1977). Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and Application to Proceed *in forma pauperis* must therefore be denied.

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application to Proceed *in forma pauperis* (Document No. 1.), **DENY** Petitioner's Motion for Summary Judgment (Document No. 8.), **DISMISS** Petitioner's Application Under 28

U.S.C. § 2241 for Writ of Habeas Corpus (Document No. 2.) and remove this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841,846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91,94 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner who is acting *pro se*.

Date: December 15, 2005.


R. Clarke VanDervort
United States Magistrate Judge